UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISMAEL CHAIDEZ ) | Case No. CV 05-2212-JTL |
| ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM OPINION AND ORDER |
| v. ) | |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**PROCEEDINGS**

On March 29, 2005, Ismael Chaidez ("plaintiff") filed a Complaint seeking review of the Commissioner's denial of his application for disability insurance benefits and supplemental security income. On April 21, 2005, the parties filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. Thereafter, on September 27, 2005, defendant filed an Answer to Complaint. On December 28, 2005, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///

///

///

**BACKGROUND**

On June 6, 2003 and June 20, 2003, plaintiff filed applications for disability insurance benefits and supplemental security income. (Administrative Record ["AR"] at 41-43, 216-20). Plaintiff claimed that, beginning on January 20, 1999, pain in his left shoulder prevented him from working. (AR at 49). The Commissioner denied plaintiff's application for benefits initially and upon reconsideration. (AR at 22-26, 29-33). On March 19, 2004, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 35). On October 20, 2004, the ALJ conducted a hearing in Long Beach, California. (AR at 234-47). Plaintiff appeared at the hearing without counsel and testified. (AR at 238-43, 245-47). Sandra Schneider, a vocational expert, also testified. (AR at 344-45). An interpreter was also present. (AR at 234).

On November 2, 2004, the ALJ issued his decision denying benefits. (AR at 14-20). Therein, he concluded that plaintiff suffered from a severe impairment of recurrent left shoulder impingement syndrome with possible rotator cuff pathology, but found that this impairment did not meet or equal any of the criteria contained in the Commissioner's Listing of Impairments, 20 C.F.R. Section 404, Subpart P, Appendix 1. (AR at 19). While the ALJ determined that plaintiff could not perform his past relevant work, plaintiff maintained the residual functional capacity to perform a significant range of light work. (Id.). Ultimately, the ALJ found that plaintiff was not disabled pursuant to the Social Security Act. (Id.).

Thereafter, plaintiff filed a timely request for review of the ALJ's decision with the Appeals Council. (AR at 9). On February 18, 2005, the Appeals Council affirmed the ALJ's decision. (AR at 4-6).

**PLAINTIFF'S CONTENTIONS**

Plaintiff makes the following contentions in his Joint Stipulation:

1. The ALJ failed to fully and fairly develop the record.

2. The ALJ failed to properly consider plaintiff's testimony.

**STANDARD OF REVIEW**

This Court reviews the Commissioner's decision under 42 U.S.C. § 405(g) to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

///
///
///

**DISCUSSION**

**I.   The ALJ'S Duty to Develop the Record**

1     Plaintiff, who was not represented by counsel at the hearing,
2  claims that the ALJ failed to fully and fairly develop the record.
3  Although plaintiff complained of depression on several occasions, the
4  ALJ failed to discuss or evaluate his mental impairments in the
5  decision. As a result of this omission, plaintiff contends that the
6  ALJ failed to adequately develop the record and fairly conduct the
7  hearing as required for an unrepresented claimant with mental
8  impairments.
9     Defendant responds that the ALJ did not err in developing the
10 record with respect to plaintiff's alleged mental impairment. First,
11 defendant contends that the ALJ was not required to develop the record
12 with respect to mental impairments because plaintiff did not allege
13 any mental impairments as a basis for disability benefits or when he
14 requested reconsideration. Furthermore, plaintiff's medical records
15 lack any objective evidence of a medically determinable mental
16 impairment or any evidence that plaintiff sought psychiatric help or
17 counseling. As discussed below, the Court disagrees.
18    "Lack of counsel does not affect the validity of the hearing and
19 hence warrant remand, unless the claimant can demonstrate prejudice or
20 unfairness in the administrative proceedings." Vidal v. Harris, 637
21 F.2d 710, 714 (9th Cir. 1981). Thus, "the issue is not whether the
22 right to representation was knowingly waived, rather, it is whether,
23 in the absence of representation, the administrative law judge met the
24 heavy burden imposed by Cox." See id. In Cox v. Califano, 587 F.2d
25 988, 991 (9th Cir. 1978), the Ninth Circuit held that where a claimant
26 is not represented by counsel, "it is incumbent upon the ALJ to
27 scrupulously and conscientiously probe into, inquire of, and search
28 for all the relevant facts." Cox, 587 F.2d at 991 (internal quotation

4

omitted); Higbee v. Sullivan, 975 F.2d 558, 561 (9th Cir. 1992). In such a situation, the ALJ "must be especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited." See id. (internal quotation omitted).

The Social Security Administration assigns an ALJ a duty to fully and fairly develop the record to assure that claimant's interests are considered. See DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991). The ALJ's duty is heightened where the claimant's ability to protect his or her interests may be adversely affected by a mental impairment. Bousquet v. Apfel, 118 F. Supp. 2d 1049, 1056 (C.D. Cal. 2000) ("The ALJ's duty to develop the record is heightened when a claimant's ability to protect his or her interests is adversely affected by a mental impairment."); DeLorme, 924 F.2d at 849 ("In cases of mental impairments, this duty is especially important.") (citations and internal quotations omitted).

Here, the ALJ failed to discharge his duty to scrupulously and conscientiously inquire into, and explore all the relevant facts. As such, the ALJ failed to fairly develop the record to assure that plaintiff's interests were considered. See DeLorme, 924 F.2d at 849. First, notwithstanding plaintiff's failure to list any mental impairments in his application for disability, plaintiff mentioned on two occasions that he was feeling depressed. In a questionnaire dated October 18, 2004, plaintiff indicated that his physical impairments were worsened by depression.[1] (AR at 85). Additionally, a physician examining plaintiff's shoulder with respect to a worker's compensation

---

[1] In the same questionnaire plaintiff responded "N/A" to whether any mental disability limited his ability to work. (AR at 87). This response, however, could have been a result of plaintiff's language difficulties.

claim noted possible mental impairment. In a Physician's Report dated March 6, 2003, David Morrison, M.D., wrote in his diagnosis to "[c]onsider psychological overlay" and that consideration should be given to having a psychological evaluation performed. (AR at 133). Finally, at the October 20, 2004 hearing, when asked by the ALJ if there was anything else he wanted to tell the ALJ, the following exchange occurred:

> PLAINTIFF: All I wanted to know is what am I going to do because I'm not receiving assistance from anyplace. And because of that I've had a [sic] severe depression. I'm feeling really bad.
>
> ALJ: Are you seeing any doctors except those doctors that are involved in your Workers' Comp case?
>
> PLAINTIFF: I do have a doctor because I have diabetes and he is treating me for that, but he tells me the problems I have here he can't help me with it.
>
> ALJ: Okay. We're going to, I'm going to ask Miss Schneider a few questions and we'll see where this takes us.

(AR at 243). Plaintiff unequivocally testified in the hearing that he had been experiencing severe depression. Notwithstanding the fact that there was only brief references to plaintiff's mental condition in the medical records, the ALJ failed to follow up with any questions to plaintiff regarding the nature or impact that plaintiff's mental state had on his ability to function.

The Ninth Circuit has found that under certain circumstances, a claimant's symptoms can implicitly raise an impairment that the claimant failed to explicitly raise, thereby triggering an ALJ's duty

to develop the record on that impairment.  In <u>Celaya v. Halter</u>, 332 F.3d 1177, 1182 (9th Cir. 2003), the Ninth Circuit stated that courts should consider a claimant's pro se status and illiteracy in determining whether the claimant implicitly raised an impairment.  <u>Id.</u> at 1882-83 (finding that ALJ erred in failing to adequately develop the record and stating, "The ALJ's exclusion of obesity from his analysis is error in that he was addressing an illiterate, unrepresented claimant who very likely never knew that she could assert obesity as a partial basis for her disability").  The Ninth Circuit further stated that courts should consider whether the non-explicitly raised impairment either could exacerbate the claimant's reported impairments or "come at least close" to meeting a listed impairment.  <u>Id.</u> at 1182.

Applying these factors as identified in <u>Celaya</u>, the ALJ here should have developed the record with respect to plaintiff's depression.  Plaintiff not only appeared pro se throughout these proceedings, but plaintiff was also Spanish-speaking and did not read or write English.  (AR at 239).  At the start of the hearing, plaintiff informed the ALJ that his attorney, who could not be at the hearing, was a Republican Senator.  (AR at 236).  He also did not appear to understand the nature of the proceeding when he asked the ALJ what he meant by "hearing."  (AR at 237).  At another point in the hearing, plaintiff told the ALJ, "Well, I didn't understand very well what this is about."  (AR at 246).  Thus, as in <u>Celaya</u>, plaintiff here may not have been aware that he could have, or should have, asserted depression as a basis or partial basis for his disability claim.  <u>Celaya</u>, 332 F.3d at 1183 (<u>supra</u>).

Furthermore, the Court rejects defendant's claim that plaintiff's

failure to list the depression in his application or to seek psychiatric help justifies the ALJ not developing the record with respect to any mental impairment. Courts have repeatedly acknowledged that claimants often fail to report or seek treatment for mental disorders in general and depression in particular. See Nguyen v. Chater, 100 F.3d 1462, 1465 (9th Cir. 1996) ("[I]t is common knowledge that depression is one of the most underreported illnesses in the country because the afflicted often do not recognize that their condition reflects a potentially serious mental illness."); see also Wilder v. Apfel, 153 F.3d 799, 802 (7th Cir. 1998) (describing depression as "a notoriously underreported disease"); Regennitter v. Commission of Social Sec. Admin., 166 F.3d 1294, 1299-1300 (9th Cir. 1999) (stating mental illness is notoriously underreported); Spieght v. Apfel, 108 F. Supp. 2d 1087, 1092 (C.D. Cal. 2000) (citing Nguyen). Notwithstanding his testimony that he never sought psychiatric help or counseling or his own report that he did not have mental limitations, plaintiff himself stated on several occasions that he was depressed. Given the fact that plaintiff was unrepresented, the ALJ had the duty to scrupulously and conscientiously inquire into, and explore all the relevant facts surrounding this possible mental impairment. In this case, he did not.

///

///

**II.  Remand Is Required to Remedy Defects in the ALJ's Decision**

The choice of whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the Court. McAlister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Remand is appropriate where additional

proceedings would remedy defects in the ALJ's decision, and where the record should be developed more fully. McAlister, 888 F.2d at 603; Rodriquez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1989); Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990). An award of benefits is appropriate where no useful purpose would be served by further administrative proceedings, see Gamble v. Chater, 68 F.3d 319, 322-23 (9th Cir. 1995), where the record has been fully developed, see Schneider v. Commissioner of the Social Security Administration, 223 F.3d 968, 976 (9th Cir. 2000); Ramirez v. Shalala, 8 F.3d 1449, 1455 (9th Cir. 1993), or where remand would unnecessarily delay the receipt of benefits. See Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996).

In this case, the Court finds remand appropriate. On remand, the ALJ must further develop the record with respect to whether plaintiff suffers from any mental impairment and whether that impairment is severe. Once the ALJ has done so, he must determine whether plaintiff's severe impairments, either alone or in combination, meet or equal a Listed Impairment. Finally, if necessary, the ALJ must determine whether plaintiff's impairments preclude him from performing substantial gainful activity.[2]

---

[2] In the Joint Stipulation, plaintiff also contends that the ALJ failed to properly consider plaintiff's testimony. As explained above, however, the ALJ's error in failing to fully and fairly develop the record constitutes sufficient reason to remand this case. Moreover, depending on the outcome of the proceedings on remand, the ALJ will have an opportunity to address plaintiff's other arguments again. In any event, the ALJ should consider all the issues raised by plaintiff in the Joint Stipulation when determining the merits of plaintiff's case on remand.

**ORDER**

The Court, therefore, VACATES the decision of the Commissioner of Social Security Administration and REMANDS this action for further administrative proceedings consistent with this Memorandum Opinion and Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

DATED: April 28, 2006

                                                /s/
                                  JENNIFER T. LUM
                                  UNITED STATES MAGISTRATE JUDGE